# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH MAXWELL, JR. <br><br> Plaintiff, <br><br> v. <br><br> NANCY BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 20-1035 JFW (MRW) <br><br> **ORDER DISMISSING ACTION WITH PREJUDICE** |

The Court dismisses this action as untimely, for failure to state a claim, and for failure to comply with a court order.

\* \* \*

1. This is a <u>pro se</u> appeal from a decision of the Social Security Administration regarding disability benefits. The Court takes notice of a previous action that Mr. Maxwell filed regarding his status with SSA.[1]

---

[1] The Court previously denied IFP status to Mr. Maxwell for advancing frivolous claims in other, non-Social Security actions. <u>Maxwell v. Williams</u>, No. CV 13-6478 OP (C.D. Cal.); <u>Maxwell v. Harris</u>, No. CV 14-329 OP (C.D. Cal.); <u>Maxwell v. Kim</u>, No. CV 16-5858 JFW (MRW) (C.D. Cal.); <u>Maxwell v. Decker</u>, No. CV 17-3931 JFW (MRW) (C.D. Cal.).

Maxwell v. Berryhill, No. CV 17-6430 JFW (MRW) (C.D. Cal.) (dismissed for lack of jurisdiction).

2. According to the attachments to the complaint, the current, 2020 action appears to seek judicial review of the same disability benefits application as in the 2017 action. The agency ultimately granted benefits on that application. (Docket # 1 at 16 (agency ALJ "carefully reviewed the facts of your case and made the enclosed fully favorable decision") (emphasis added).) The current complaint does not, therefore, reveal a basis for federal court review or relief.

3. Additionally, Plaintiff's action appears to be untimely. According to the complaint, Plaintiff received his favorable, final adjudication from the agency in 2018. (Docket # 1 at 4.) However, he waited until January 2020 (more than one year) to file the present complaint. That's far longer than the 60-day period by which the statute allows for a claimant to seek federal court review. 42 U.S.C. § 405(g).

4. Magistrate Judge Wilner reviewed the complaint and issued a screening order noting these defects with Plaintiff's pleading. (Docket # 7.) The magistrate judge ordered Plaintiff to submit a statement regarding these problems.

5. Plaintiff filed a short statement in response to Judge Wilner's OSC. (Docket # 8.) The response appears to be a verbatim excerpt from several federal regulations regarding fee disputes between a claimant and a lawyer. See, e.g., 20 C.F.R. § 404.1728. However, the submission addressed neither the frivolity nor the untimeliness of the action as noted in the screening order.

\* \* \*

6. The Social Security Act provides for judicial review of agency decisions in disability benefits cases. The statute states that an individual, "after any final decision of the Commissioner of Social Security[,] may obtain a review of such decision by a civil action" filed in federal court in the district in which the person lives "commenced within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g).

7. There is no statutory basis – nor is there any real need – for a federal court to review an agency decision that is favorable to the claimant. In the present action, Plaintiff's complaint fails to explain why judicial review of the grant of disability benefits should be appealed.

8. Moreover, to the extent that any review was necessary, Plaintiff failed to bring this action within the statute of limitations. Plaintiff's unintelligible response to the Court's OSC further failed to explain the purpose of this untimely action.

Therefore, the present action is hereby DISMISSED with prejudice.

IT IS SO ORDERED.

Dated: March 24, 2020

_____
HON. JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE